**JOHNSON & JOHNSON LLP**
Neville L. Johnson (SBN 66329)
Douglas L. Johnson (SBN 209216)
Erin L. Pfaff (SBN 259349)
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:   (310) 975-1080
Facsimile:    (310) 975-1095
Email:       njohnson@jjllplaw.com
             djohnson@jjllplaw.com
             epfaff@jjllplaw.com

Attorneys for Plaintiff,
THRESHOLD MEDIA CORP. dba
SPIN MOVE RECORDS

FILED
CLERK, U.S. DISTRICT COURT

DEC - 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THRESHOLD MEDIA CORP. dba SPIN MOVE RECORDS , <br><br> Plaintiff, <br><br> v. <br><br> RELATIVITY MEDIA, LLC, RELATIVITY ROGUE, LLC, UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, SUPERMARCHÉ, INC., HENRY JOOST, ARIEL SCHULMAN, HIT THE GROUND RUNNING ENTERPRISES, LLC, ANDREW JARECKI, and MARC SMERLING <br><br> Defendants. | CASE NO. **CV10-9318** DMG (AJW) <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br><br> **DEMAND FOR JURY TRIAL** |

COPY

1
COMPLAINT

1    Plaintiff THRESHOLD MEDIA CORP. dba SPIN MOVE RECORDS

2  demanding trial by jury, complains and allege as follows:

3  **I.**

4  **<u>JURISDICTION AND VENUE</u>**

5    1.    Plaintiff's Claim for Relief arises under the Copyright Laws of the

6  United States, as amended (17 U.S.C. § <u>et</u> <u>seq</u>.).  The Court has subject matter

7  jurisdiction over this claim pursuant to 28 U.S.C. §§ 1338 and 1331.

8    2.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) because

9  Defendants have committed acts of infringement in this judicial district, Plaintiff

10  resides in this district and Defendants Relativity Media, LLC, Relativity Rogue,

11  LLC, and Universal City Studios Productions, LLLP reside in this district.

12  **II.**

13  **<u>THE PARTIES</u>**

14  **<u>Plaintiff</u>**

15    3.    Plaintiff THRESHOLD MEDIA CORP. dba SPIN MOVE RECORDS

16  ("Plaintiff" or "Threshold") is a California Corporation, owned by California, with

17  its principal place of business located at 2114 Pico Blvd., Santa Monica, CA 90405.

18  Plaintiff is the legal owner of the master sound recording "All Downhill From

19  Here" by Amy Kuney ("the Song"), which has been duly registered for copyright as

20  SR0000642639, a copy of which is attached hereto as Exhibit 1 (the "iTunes

21  Version").  Plaintiff is also the legal owner of another master sound recording of the

22  Song, which is currently pending with the U.S. Copyright Office as Case No. 1-

23  425585231 (the "YouTube Version").  Centinela Music Publishing is a division of

24  Threshold and controls the publishing copyright of the Song, which has been duly

25  registered with the U.S. Copyright Office as Pau003356532, a copy of which is

26  attached hereto as Exhibit 2.

27  ///

28  ///

**Defendants**

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant RELATIVITY MEDIA, LLC ("Relativity"), is a California limited liability company, with its principal place of business located at 8899 Beverly Blvd., Suite 510, West Hollywood, CA 90048.  On information and belief, Relativity is a media and entertainment company engaged in the business of creating, financing and distributing films, with its headquarters and principal place of business in the County of Los Angeles.  On information and belief, Relativity is the executive producer of the film "Catfish," which contains the infringing uses of the sound recordings of the Song.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant RELATIVITY ROGUE, LLC ("Rogue"), is a California limited liability company, with its principal place of business located at 8899 Beverly Blvd., Suite 510, West Hollywood, CA 90048.  On information and belief, Rogue has marketed and/or distributed the film "Catfish," which contains the infringing uses of the sound recordings of the Song.  Additionally, on information and belief, Rogue owns a portion of the copyright in "Catfish."

6.      Plaintiff is informed and believes, and thereon alleges, that Defendant UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP ("Universal"), is a Delaware corporation with its principal place of business located at 10 Universal City Plaza, 111 Universal Hollywood Drive, Universal City, CA 91608.  On information and belief, Universal owns a portion of the copyright in the film "Catfish," which contains the infringing sues of the sound recordings of the Song

7.      Plaintiff is informed and believes, and thereon alleges, that Defendant SUPERMARCHÉ, INC. ("Supermarché") is a production company, founded by Defendants Henry Joost and Ariel Schulman, with its principal place of business located at 373 Broadway, B5, New York, New York, 10012.   On information and belief, Supermarché is one of the companies that produced the film "Catfish,"

1   which contains the infringing uses of the sound recordings of the Song.  On

2   information and belief, Supermarché has regularly conducted business in

3   California, in the County of Los Angeles, including—but not limited to—the

4   production, marketing and distribution of the film "Catfish."

5           8.     Plaintiff is informed and believes, and thereon alleges, that Defendant

6   HENRY JOOST ("Joost") is an individual who resides in New York, New York

7   and is a citizen of the State of New York.  On information and belief, Joost is a

8   director and producer of the film "Catfish," and co-owner of "Supermarche."  On

9   information and belief, Joost has marketed, distributed and otherwise exploited

10   "Catfish" in California for his commercial benefit.

11           9.     Plaintiff is informed and believes, and thereon alleges, that Defendant

12   ARIEL SCHULMAN ("Schulman") is an individual who resides in New York,

13   New York and is a citizen of the State of New York.  On information and belief,

14   Schulman is a director and producer of the film "Catfish," and a co-owner of

15   "Supermarche."  On information and belief, Schulman has marketed, distributed

16   and otherwise exploited "Catfish" in California for his commercial benefit.

17          10.    Plaintiff is informed and believes, and on that basis alleges, that

18   Defendant HIT THE GROUND RUNNING ENTERPRISES, LLC ("Hit") is a New

19   York limited liability company, with its principal place of business located in New

20   York, New York.  On information and belief, Hit is a motion picture development

21   and production company, founded by Defendants Andew Jarecki and Marc

22   Smerling.  On information and belief, Hit is one of the companies that produced the

23   film "Catfish," which contains the infringing uses of the sound recordings of the

24   Song.  On information and belief, Supermarché has regularly conducted business in

25   California, in the County of Los Angeles, including—but not limited to—the

26   production, marketing and distribution of the film "Catfish."

27          11.    Plaintiff is informed and believes, and on that basis alleges, that

28   Defendant ANDREW JARECKI ("Jarecki") is an individual who resides in New

1   York, New York and is a citizen of the State of New York.  On information and

2   belief, Schulman is a producer of the film "Catfish."  On information and belief,

3   Jarecki has marketed, distributed and otherwise exploited "Catfish" in California

4   for his commercial benefit.  Additionally, on information and belief, Jarecki

5   regularly conducts business in California with respect to his productions.

6       12.    Plaintiff is informed and believes, and on that basis alleges, that

7   Defendant MARC SMERLING ("Smerling") is an individual who resides in New

8   York, New York and is a citizen of the State of New York.  On information and

9   belief, Schulman is a producer of the film "Catfish."  On information and belief,

10  Smerling has marketed, distributed and otherwise exploited "Catfish" in California

11  for his commercial benefit.  Additionally, on information and belief, Smerling

12  regularly conducts business in California with respect to his productions.

13

14  ### III.

15  ### NATURE OF COMPLAINT

16      13.    Plaintiff owns the copyright in the sound recording "All Downhill

17  From Here."

18      14.    Within three years of the date this Complaint is filed, Defendants

19  caused to be marketed and/or distributed to the public the film "Catfish."  On

20  information and belief, the music contained therein includes the sound recording,

21  "All Downhill From Here" which Plaintiff owns.  "Catfish" has been an enormous

22  commercial success.

23  ### IV.

24  ### CLAIM FOR RELIEF

25  ### (COPYRIGHT INFRINGEMENT – Against All Defendants)

26      15.    Plaintiff incorporates by reference all previous allegations as if fully

27  set forth herein.

28      16.    On or about January 22, 2010, the film "Catfish" premiered at the

1  Sundance Film Festival ("Sundance") in Park City, Utah.

2      17.    Plaintiff controls the publishing copyrights and associated master
3  recordings of the Song, which were used without authorization in "Catfish" and
4  referred to therein as the "iTunes Version" and the "YouTube Version" of the Song.

5      18.    Defendants did not negotiate, much less execute, any synchronization
6  license, master use license, or other agreement with Plaintiff authorizing their use
7  of the Song in "Catfish." Nevertheless, the Defendants utilized the masters and
8  composition of the Song in "Catfish," which resulted in widespread public
9  screenings and commercial exploitation. The separate and unauthorized uses of the
10 Song are as follows:

11          a.  YouTube Version of the Song featured on screen for approximately
12              eighteen (18) seconds;
13          b.  "Catfish" actor sings along with the YouTube Version of the Song,
14              which plays in background for approximately sixteen (16) seconds;
15          c.  The iTunes Version of the Song is featured on screen for
16              approximately twenty-eight (28) seconds;
17          d.  The iTunes Version of the Song is featured on screen for
18              approximately thirty-seven (37) seconds; and
19          e.  The iTunes Version of the Song is featured in its entirety during the
20              closing credits of "Catfish," in each screening at Sundance.

21     19.    Defendants' knowing and unauthorized exploitation of the Song in
22 "Catfish" significantly enhanced the film as a commercial media property, and is a
23 direct infringement of Plaintiff's copyrights in the Song.

24     20.    On information and belief the film budget for "Catfish" was $30,000;
25 however, as of the date of filing, the film "Catfish" has grossed $3,222,323.

26     21.    Each Defendant willfully, wantonly, and in conscious disregard and
27 intentional disregard of indifference to the rights of Plaintiff made and distributed
28 in the United States, caused to be made and distributed in the United States, and

1   aided, abetted, contributed to, and participated in the unauthorized making and

2   distribution of phonorecords containing the copyrighted sound recording owned by

3   Plaintiff. Each Defendant either knew, or should have reasonably known, that the

4   sound recording was protected by copyright. Each Defendant continues to infringe

5   upon Plaintiff's rights in and to the copyrighted sound recording.

6       22.    As a direct and proximate result of their wrongful conduct, Defendants

7   have realized and continue to realize profits and other benefits rightfully belonging

8   to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17

9   U.S.C. § 504.

10       23.    Defendants' infringing conduct is continuing and ongoing. Plaintiff

11   has suffered, and will continue to suffer, irreparable injury for which there is no

12   adequate remedy at law, unless Defendants are enjoined by the Court. Therefore,

13   Plaintiff prays that each Defendant, their respective agents, servants, employees,

14   officers, attorneys, successors and assigns, and all of these persons actively in

15   concert or participation with each or any of them, be preliminarily and permanently

16   enjoined from directly or indirectly infringing upon the copyright owned by

17   Plaintiff in any manner, and from duplicating, causing to be duplicated or aiding,

18   contributing to or participating in the unauthorized duplication of each said

19   copyrighted work. Plaintiff asks that all infringing works be recalled and destroyed.

20       24.    Each Defendant should be required to account for all gains, profits,

21   and advantages derived by each Defendant from their acts of infringement.

22       25.    Plaintiff is entitled to recover Plaintiff's costs of this action, including

23   without limitation, reasonable attorneys' fees.

24       26.    Each Defendant should pay to Plaintiff an award of prejudgment

25   interest according to the proof.

26   ///

27   ///

28   ///

27.     Plaintiff should have such other and further relief as the Court deems just and proper.


DATED: December 3, 2010                JOHNSON & JOHNSON LLP


                                       By _____
                                           Neville L. Johnson
                                           Attorneys for Plaintiff,
                                           Threshold Media Corp., dba Spin
                                           Move Records

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil Procedure, Rule 38(b) (28 U.S.C. § 38), and Local Rule 38-1.

DATED: December 3, 2010                       JOHNSON & JOHNSON LLP

By _____
Neville L. Johnson

COMPLAINT

EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## SR 642-639

**Effective date of
registration:**

February 2, 2010

---

## Title

**Title of Work:** All Downhill From Here

## Completion/ Publication

**Year of Completion:** 2008

**Date of 1st Publication:** May 18, 2008      **Nation of 1st Publication:** United States

**International Standard Number:** ISRC        US-NW4-08-00001

## Author

- **Author:** Threshold Media Corporation, dba  Spin Move Records

**Author Created:** sound recording

**Work made for hire:** Yes

**Citizen of:** United States                **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Threshold Media Corporation, dba  Spin Move Records

2114 Pico Blvd, Santa Monica, CA 90405

## Rights and Permissions

**Organization Name:** Spin Move Records

**Name:** Peter A. Barker

**Email:** peter@spinmoverecords.com         **Telephone:** 310-571-0500

**Address:** 2114 Pico Blvd

Santa Monica, CA 90405

## Certification

**Name:** Peter A. Barker

**Date:** February 2, 2010

**Applicant's Tracking Number:** US-NW4-08-00001

Correspondence:   Yes

**Registration #:**   SR0000642639

**Service Request #:**   1-326892371

Spin Move Records
Peter A. Barker
2114 Pico Blvd
Santa Monica, CA 90405

EXHIBIT 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## PAu 3-356-532

**Effective date of registration:**

March 14, 2008

---

## Title

| | |
|---|---|
| **Title of Work:** | Amy Kuney and Tim Myers Collection #1 |
| **Nature of Work:** | music and lyrics |

## Completion/ Publication

| | |
|---|---|
| **Year of Completion:** | 2007 |

## Author

| | | | |
|---|---|---|---|
| ■ **Author:** | Amy Kuney | | |
| **Author Created:** | co- author of music and lyrics | | |
| **Work made for hire:** | No | | |
| **Citizen of:** | United States | **Domiciled in:** | United States |
| **Year Born:** | 1985 | | |
| **Anonymous:** | No | **Pseudonymous:** | No |
| ■ **Author:** | Tim Myers | | |
| **Author Created:** | co author of music and lyrics | | |
| **Work made for hire:** | No | | |
| **Citizen of:** | United States | **Domiciled in:** | United States |
| **Year Born:** | 1985 | | |
| **Anonymous:** | No | **Pseudonymous:** | No |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Black Scarf Music |
| | 622 N Alta Vista Blvd, Los Angeles, CA, 90036 |
| **Transfer Statement:** | transfer was accomplished by signed contract between author & publishing company |

| | |
|---|---|
| **Copyright Claimant:** | Centinela Music |
| | 2114 Pico Blvd, Santa Monica, CA, 90405 |
| **Transfer Statement:** | transfer was accomplished by signed contract between author & publishing company |

## Limitation of copyright claim

**Previously registered:** No

## Certification

| | |
|---|---|
| **Name:** | Peter A. Barker |
| **Date:** | March 1, 2008 |

**Correspondence:** Yes

**IPN#:**

**Registration #:**   PAU003356532

**Service Request #:**   1-55785846

Centinela Music
Peter Barker
2114 Pico Blvd
Santa Monica, CA 90405