**JOHNSON & JOHNSON LLP**
Neville L. Johnson (SBN 66329)
Douglas L. Johnson (SBN 209216)
Nausheen Kazalbasch (SBN 260243)
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email:    njohnson@jjllplaw.com
          djohnson@jjllplaw.com
          nkazalbasch@jjllplaw.com

Attorneys for Plaintiff,
THRESHOLD MEDIA CORP. dba
SPIN MOVE RECORDS

UNITED STATED DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THRESHOLD MEDIA CORP. dba SPIN MOVE RECORDS, <br><br> Plaintiff, <br><br> v. <br><br> RELATIVITY MEDIA, LLC, RELATIVITY ROGUE, LLC, UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, SUPERMARCHE, INC., HENRY JOOST, ARIEL SCHULMAN, HIT THE GROUND RUNNING ENTERPRISES, LLC, ANDREW JARECKI, and MARC SMERLING <br><br> Defendants. | CASE NO. CV 10-09318-DMG (AJWx) <br><br> PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO COMPEL DOCUMENT PRODUCTION AND WITNESS TESTIMONY REGARDING ATTORNEY ENGAGEMENT AGREEMENT <br><br> Honorable Carla Woehrle <br> Courtroom 640 <br><br> Action Filed: Dec. 3, 2010 <br> Trial Date: December 13, 2011 |

Plaintiff submits its Opposition to Defendants' procedurally improper and meritless Ex Parte Application to Compel Document Production and Witness Testimony Regarding Attorney Engagement Agreement.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 16, 2011 at 2:30 p.m., Defendants made an eleventh-hour, informal request to Plaintiff that it immediately produce its attorney engagement letter and allow questioning on its engagement letter the very next day. Defendants should not be permitted to circumvent the well-established rules of discovery by making such impromptu requests. Further, the information Defendants seek is protected by the attorney-client privilege and is entirely irrelevant to this copyright action. As such, Plaintiff strongly opposes the disclosure of its attorney engagement letter and any testimony thereon. For the reasons outlined below, Defendants' ex parte application should be summarily denied.

### I.  DEFENDANTS' EX PARTE APPLICATION SHOULD NOT BE CONSIDERED BY THIS COURT

#### A.  There Is No Urgency To Justify Consideration Of Defendants' Ex Parte Application

Defendants' ex parte application, filed at 1:37 a.m. on August 17, 2011, asked the Court for a ruling before 1:00 p.m. <u>the same day</u> because Defendants were taking the deposition of the principal of Plaintiff, Mr. Peter Barker. That deposition concluded today at 2:30 p.m. Thus, any urgency to obtain the information in advance of Mr. Barker's deposition has been removed. Accordingly, Defendants can and should bring a regularly-noticed motion.

Moreover, trial in this action was recently continued. Non-expert discovery cut-off is now November 8, 2011, <u>nearly three months</u> from today. In other words, Defendants have more than enough time to raise the instant issues by way of a regularly-noticed motion rather than burden the Court with this stale application.

///
///
///

A.  **Defendants' Did Not Give Proper Notice Pursuant To Local Rule 7-19.1**

Notice of an ex parte application for an order must be provided pursuant to Local Rule 7-19.1: " [I]t shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application …"

On August 16, 2011, after business hours at 10:02 p.m., Defense counsel Jeff Sanders ("Mr. Sanders") sent an email correspondence to Plaintiff's counsel stating "[i]s there any contrary authority to which you can cite? If not, we will be filing an ex parte motion as soon as we can lodge it." (Sanders Decl., ¶6). Plaintiff's counsel Nausheen Kazalbasch ("Ms. Kazalbasch") responded Plaintiff is willing to engage in meet-and-confer efforts pursuant to Local Rule 37 for discovery motions. Without further notice, Defendants then brazenly filed their instant application at 1:37 a.m. on August 17, 2011.

Defendants are under the misguided impression that notice of both the substance and, more importantly, the date of Defendants' application was given to Plaintiff. However, Mr. Sanders' statement ("as soon as we can lodge it") was unclear and equivocal. Accordingly, Plaintiff did not know if an ex parte application would be filed at all much less when. Because Mr. Sanders' failed to inform Plaintiff of the date of Defendants' application, the instant application fails to comply with L.R. 7-19.1 and should be denied in the first instance.

B.  **Defendants' Ex Parte Application Clearly Constitutes A Discovery Motion Governed By Local Rule 37**

Defendants never asked for Plaintiff's engagement letter with its counsel in written discovery. Defendants have nearly three additional months to conduct non-expert discovery, yet Defendants unreasonably refuse to propound a formal request for the document they seek. Instead, Mr. Sanders informally sent an e-mail on the

eve of Plaintiff's deposition at 2:30 p.m. that Defendants were suddenly demanding that Plaintiff's attorney engagement agreement be produced at Plaintiff's deposition the next day at 9:00 a.m. No prior request for this document had been made.

The merit of this impromptu request aside, if Defendants seek to <u>discover</u> Plaintiff's engagement agreement, they must propound a formal <u>discovery request</u>. Additionally, a motion to compel the production of Plaintiff's attorney engagement agreement must be dealt with through the <u>discovery motion</u> procedures outlined in L.R. 37. An ex parte application to compel the production of documents <u>less than 24 hours after requesting</u> it is neither procedurally proper nor substantively fair, especially considering the nature of the request.

Furthermore, to the extent Defendants' ex parte application also seeks to compel Plaintiff's testimony on its attorney engagement agreement, such a motion must also be dealt with by way of a discovery motion. With nearly three months left to conduct non-expert discovery, Defendants have enough time to bring a properly noticed motion and elicit further testimony, if ordered.

## II. IF THIS COURT IS INCLINED TO CONSIDER THE SUBSTANCE OF DEFENDANTS' APPLICATION, PLAINTIFF REQUESTS THE OPPORTUNITY TO BRIEF THE ISSUE BECAUSE THE LAW DOES NOT REQUIRE PLAINTIFF TO PRODUCE ITS FEE AGREEMENT OR TESTIFY THERETO UNDER THE CIRCUMSTANCES

Defendants have robbed Plaintiff of a reasonable opportunity to fully evaluate the merits of their highly-sensitive and objectionable request for Plaintiff's privileged attorney engagement letter and testimony related thereto. That being said, Plaintiff contends the law does not require it to produce its attorney engagement letter or testify to its contents. Given that Plaintiff has had less than 24 hours to evaluate the request, Plaintiff respectfully requests that if this Court is inclined to consider the substance of Defendants' last minute request, that Plaintiff

be permitted a reasonable opportunity to brief the issue and oppose the production of the fee agreement and any of Plaintiff's testimony related thereto.

### A. The Authority Relied Upon By Defendants In Support Of The Instant Application Does Not Require That A Plaintiff Turn Over Its Own Attorney Engagement Letter Under These Circumstances

Not a single case relied on by Defendants involves the production of a <u>Plaintiff's own attorney engagement letter</u> to an opposing party in discovery. For example, In *Hoot Winc, LLC v. RSM McGladrey Financial Process*, 2009 U.S. Dist. Lexis 103045 relied on by Defendants, the court decided the production of a third party accountant's engagement agreement – <u>not</u> a plaintiff's attorney engagement letter – was proper where evidence of the engagement was relevant to prove claims in that case. In *Sunterra Corp. v. Perini Building Co.*, 2009 U.S. Dist. Lexis 20535, the court ordered the production of a joint-prosecution agreement between a group of plaintiffs, <u>not</u> a plaintiff's engagement letter with his own attorneys. Again, in *Freelife International, Inc. v. American Educational Music Publications, Inc.*, 2010 U.S. Dist. Lexis 12609, the court ordered the <u>amount</u> of attorney's fees accumulated be produced at a settlement conference, <u>not</u> the plaintiff's attorney engagement agreement or fee arrangement.

Defendants' ex parte application further erroneously relies on a host of cases dealing with IRS subpoenas of evidence from attorneys reflecting cash payments from their clients as part of compliance with I.R.C. §60501 and related codes. *See e.g., U.S. v. Blackman*, 72 F. 3d 1418 (1995); *Reiserer v. U.S.*, 479 F. 3d 1160 (2007); *Tornay v. U.S.*, 840 F. 2d 1424 (1988). Compliance with IRS codes and any resulting obligation to disclose client identities stands in stark contrast from the non-existent need in this case for Defendants to view Plaintiff's entire attorney engagement letter and ask questions thereon. Plaintiff is under no obligation under the IRS code or otherwise, to disclose its attorney engagement letter, which is a

confidential attorney-client communication, to Defendants in this case. Moreover, the disclosure of client identity is far less intrusive than the disclosure of a client's entire attorney engagement letter which necessarily reflects litigation strategy and other attorney-client privileged communications.

### B. Contrary To Defendants' Contentions, Plaintiff's Attorney Engagement Letter Is Not Relevant To This Case

"Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401.

Defendants' incorrectly argue Plaintiff's attorney engagement letter is relevant because they contend Plaintiff's damages are "*de minimus*" and attorney's fees may be recovered as part of a statutory copyright claim. 17 U.S.C. §504(c) (See Sanders Decl., ¶¶8-9). However, Plaintiff's attorney engagement letter is not relevant because the terms of a lawyer's retention do not make it any more or less likely to be true whether Plaintiff will be entitled to attorney's fees. The recovery of attorney's fees is proscribed by statute and governed by specific factors, none of which include an attorney's engagement agreement. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 FN 19 (1994)(outlining the factors a court will consider in determining attorney's fees recovery in copyright actions).

Moreover, to the extent Plaintiff's attorney engagement letter has any arguable relevance to a fee determination, the engagement letter may be appropriately produced upon a motion for fees. To require Plaintiff to produce its attorney engagement letter at this stage in the litigation invades Plaintiff's attorney-client privilege without sufficient justification and should not be permitted.

///

///

///

### III. CONCLUSION

Plaintiff respectfully requests this Court deny Defendants' application in its entirety, or in the alternative, that this matter be set for regular hearing.

DATED: August 17, 2011                     **JOHNSON & JOHNSON LLP**

By _____
Nausheen Kazalbasch
Threshold Media Corp., dba Spin Move Records